UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY FIELDS** | **CIVIL ACTION** |
| **VERSUS** | **NO:  05-0074** |
| **BURL CAIN, WARDEN** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that LeRoy Fields's petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, is **DISMISSED WITH PREJUDICE.**

The court has considered the petition, the record, the applicable law, the report and recommendation of the United States magistrate judge, and the objections to the magistrate judge's report and recommendation.  The court approves and adopts the report and recommendation of the magistrate judge for the following reasons.

### I. BACKGROUND

Leroy Fields was convicted of possession of a stolen vehicle valued over $500, in violation of La. Rev. Stat. 14:69, and sentenced as a third offender to life imprisonment.  After exhausting state remedies, Fields filed a federal application for habeas corpus relief, asserting the

following claims:  1) the trial court erred in failing to instruct the jury that a reasonable doubt could arise out of a lack of evidence, 2) the bill of information was defective, 3) the evidence was insufficient to support the conviction and habitual offender adjudication, 4) the habitual offender adjudication violated the *Ex Post Facto* Clause, and 5) the petitioner received ineffective assistance of counsel.  The magistrate judge recommended that the petition be dismissed with prejudice.  Fields filed objections to the magistrate judge's report and recommendation.

## II. DISCUSSION

**A.  Jury instructions**

Fields contends that the trial court gave an erroneous jury instruction that did not meet the requirements of La. Code Crim. Proc. art. 804(a)(2).  The magistrate judge determined that the jury instruction was substantially equivalent to article 804(a)(2) and that it did not violate federal law.  Fields objects on grounds that State v. Mack, 403 So.2d 8 (La. 1981) requires that the trial court  explain to the jury that "reasonable doubt may arise out of the lack of evidence in the case" by reading the exact wording of the statute.

In State v. Rault, 445 So.2d 1203, 1212 (La. 1984), the Supreme Court of Louisiana modified the directive of Mack, stating that the trial court may give "instructions substantially equivalent to the statute."  Fields does not argue that the jury instruction did not meet the test of "substantially equivalent" to the statute.  Further, Fields has not overcome the heavy burden of establishing that the jury instruction was so prejudicial that it supports a collateral attack in a

federal habeas corpus petition.  See Tarpley v. Estelle, 703 F.2d 157, 159-60 (5th Cir. 1983).  The objection to the magistrate judge's recommendation is overruled.

**B.  Bill of information**

Fields contends that the bill of information was defective because he was not informed of the nature and cause of the accusation against him.  The bill of information charged that, on October 12, 1999 in the Parish of Orleans, Fields possessed an automobile valued at $500 or more, the automobile had been the subject of a theft, and Fields had good reason to believe that the automobile was the subject of a theft.

Fields was informed of the charges against him, and his conclusory argument is insufficient to establish that the bill of information was so defective that the state court was deprived of jurisdiction.  The objection is overruled.

**C.  Sufficiency of the evidence**

Fields alleges that the evidence is insufficient to support the conviction.  The magistrate judge determined that the state court applied the proper standard of Jackson v. Virginia, 99 S.Ct. 2781 (1979); therefore, Fields has not demonstrated that the state court's decision was contrary to or involved an unreasonable application of federal law.  In his objection, Fields contends that the State failed to prove the value of the property or that it was stolen.

At trial, the owner of the vehicle testified that her car was a 1999 Dodge Intrepid and that it was reported stolen on October 6, 1999.  On direct appeal, the Louisiana Fourth Circuit Court of Appeal stated that the testimony at trial supported a finding that Fields knew it was stolen. Fields was driving the automobile and left it running when the arresting officer asked him to step

out of the vehicle.  When the officer entered the vehicle to turn off the ignition, he observed that the steering column had been "defeated" and that there were dents around the door lock.

In view of the evidence presented at trial, the state court's conclusion that the relatively new 1999 vehicle was valued at more than $500 and that Fields knew that it was stolen is not an unreasonable determination of the facts or contrary to the law .  The objection is overruled.

### D.  Habitual offender adjudication

Fields contends that the evidence was insufficient to support the habitual offender adjudication.  Specifically, he argues that his guilty plea for possession of cocaine in 1993, the second of three convictions considered, was not knowing and voluntary.  The Louisiana Fourth Circuit Court of Appeal held that the State produced certified documents that Fields was represented by counsel and was advised of his rights in his prior plea of guilty to possession of cocaine on May 18, 1993.  The magistrate judge determined that Fields failed to establish that the state court erred in rejecting his claim.

Fields reurges his argument that the state did not produce sufficient evidence of a knowing and voluntary guilty plea in a conclusory manner without addressing any error in the magistrate judge's analysis.  The objection is overruled.

### E.  *Ex Post Facto* Clause

Fields alleges that the *Ex Post Facto* Clause was violated by the application of the version of the habitual offender statute in force at the time of his most recent conviction, rather than the version that existed at the time of his prior offense.  The magistrate judge determined that the current or latest crime is the relevant offense in the application of the habitual offender

statute, and the correct version of the statute was applied.

In his objection, Fields contends that he was not placed on notice that the "cleansing period" had changed and that he could no longer rely on the five or seven year cleansing period to abate the consequences of his prior offenses. He argues that his constitutional rights were violated because he "conformed his conduct to the then existing cleansing period."

In Neal v. Kaylo, 2110 WL 1195879 (E.D.La. 2001) (citing State v. Rolen, 662 So.2d 446 (La. 1995), the court found that applying the ten year cleansing period to an earlier conviction was not prohibited by the *Ex Post Facto* Clause and that the applicable statue was the one existing at the time of the commission of the offense for which the sentence is enhanced. The court added as follows:

> Cleansing periods are . . . purely statutory rules constituting self-imposed restraints on the state's plenary power to define and punish crimes. Due process does not require them and several Louisiana repeat offender statutes do not have them. Enlarging or even eliminating a statutory cleansing period does not require an individual to defend his past acts charged against him, for which he has already been convicted and punished, but to measure his *future* conduct in light of the legislature's changing perception of significant social problems

The habitual offender statute does not charge a new offense, but gives the sentencing judge the power to impose a more severe sentence to the habitual offender. See State v. Walker, 416 So.2d 534 (La. 1982). Accordingly, Fields has not established a violation of the *Ex Post Facto* Clause, and his objection to the magistrate judge's report and recommendation is overruled.

In a related claim, Fields contends that the magistrate judge erred in the determination that the State was not required to establish a discharge date of the prior offenses . Fields argues

that the cleansing period begins to run from the date that the petitioner is actually discharged from state custody.

The statute specifically exempts from the ten-year computation "any period of servitude by a person in a penal institution, within or without the state." L.S.A.-R.S. 15:529 .1(C). However, where less than the ten year time limitation has elapsed between convictions, it is not necessary for the State to prove discharge dates of the predicates.  Neal v. Kaylo at *8 (citing State ex rel. Clark v. Marullo, 352 So.2d 223 (La. 1977); State v. Chisolm, 771 So.2d 205, 213 (La. Ct. App. 2000)).

Fields's relevant convictions occurred in 1993 and 1999; therefore, no proof of the discharge date was required.  Therefore, the objection to the magistrate judge's report and recommendation is overruled.

**F.  Ineffective assistance of counsel**

Fields contends that trial counsel was ineffective in several respects: counsel failed to object to the jury instruction on reasonable doubt, counsel failed to investigate and present a viable defense, counsel failed to move for a mistrial or judgment of acquittal, counsel failed to challenge the evidence at the habitual offender hearing, and counsel failed to investigate and present mitigating factors to justify a sentence less than the mandatory minimum sentence.

To support these claims, Fields must prove two components:  1) that his counsel made errors that were so serious that they deprived him of his Sixth Amendment guarantee and 2) that the deficient performance prejudiced his defense.  Strickland v. Washington, 104 S.Ct. 2052

(1984). A convicted defendant "must show that counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms. Id. at 2064-65. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. In order to show prejudice, the defendant must demonstrate that counsel's errors are so serious as to deprive him of a trial whose result is fair or reliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993).

### 1. Failure to object to jury instruction

The magistrate judge determined that, because the jury instruction was proper, Fields did not demonstrated that he was prejudiced by counsel's failure to object. In his objection, Fields renews his objection to the jury instruction on reasonable doubt. As discussed above, the jury instruction was not defective; therefore, the objection is overruled.

### 2. Failure to investigate and present a defense

The magistrate judge determined that Fields was not deprived of effective assistance of counsel on his claim that counsel failed to investigate and present a defense. Counsel interviewed Michael Fairly, from whom Fields allegedly rented the car, and made the strategic decision not to call Fairly as a witness after determining that he would not be credible. Further, the magistrate concluded that Fields has not shown that he was prejudiced by counsel's decision not to call Fairly because Fields was not convicted of stealing the car, but of possessing stolen

property.  Moreover, the magistrate judge determined that Fields had not shown what further investigation of the car key and the defeated ignition would have revealed.

In his objection, counsel repeats the argument that there is no justification for counsel's failure to call Fairly to explain how Fields received the car or to challenge the State's case. Fields has not overcome the presumption that counsel's performance in determining that Fairly would not be a credible witness was sound trial strategy.  Even if Fields obtained the automobile from Fairly, the dents around the exterior lock and the defeated ignition were obvious to Fields, and counsel made the reasonable decision that Fairly's testimony would not aid in Fields's defense.  The objection to the magistrate judge's recommendation is overruled.

### 3.  Failure to move for a mistrial or judgment of acquittal

Fields contends that counsel failed to move for a mistrial or judgment of acquittal.  The magistrate judge concluded that the evidence was sufficient to prove the elements of the crime, and any such motions would have been meritless.

In his objection, Fields expresses disagreement with the magistrate judge's recommendation and presents conclusory statements that counsel should have filed motions for a mistrial and judgment of acquittal.  The objection is overruled.

### 4.  Failure to challenge State's evidence at the habitual offender hearing

Fields contends that counsel failed to challenge the State's evidence offered at the habitual offender hearing.  The magistrate judge determined that Fields had not established deficient performance and prejudice because the State provided certified copies of Fields's prior

convictions at the habitual offender proceeding.

In his objection, Fields contends that counsel failed to object to the admissibility of the arrest report and fingerprint card because they were not properly authenticated. Fields does not challenge the evidence of the prior convictions, and he has not shown how he was prejudiced by the evidence, and the objection is overruled.

### 5. Failure to investigate mitigating factors to justify sentencing departure

Fields contends that counsel failed to investigate any mitigating factors to show that his case was exceptional and would justify a sentence below the mandatory minimum. The Louisiana Fourth Circuit Court of Appeal concluded that Fields had not shown that his was an exceptional case which would justify a deviation from the mandatory sentence of life imprisonment. Fields had at least three prior convictions, but was sentenced only as a third offender.

The magistrate judge determined that the fact that Fields was a drug addict, the father of three children, and unemployed were not mitigating factors. Moreover, although a weapon was not involved in his prior convictions, the 1986 and 1989 convictions were for crimes of violence.

Fields argues in his objection that counsel should have investigated his background and mental capacity as grounds for a downward departure. Fields does not suggest what the investigation would have revealed or how a failure to investigate caused him prejudice. The objection is overruled.

9

## III. CONCLUSION

Accordingly, the objections to the magistrate judge's report and recommendation are overruled, and the §2254 petition for habeas corpus relief is denied with prejudice.

New Orleans, Louisiana, this __8th__ day of February, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**